**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| COLT INTERNATIONAL CLOTHING, INC. d/b/a COLT LED, <br><br>                         Plaintiff, <br><br>     v. <br><br> QUASAR SCIENCE LLC, CINELEASE, INC., SONY PICTURES ENTERTAINMENT INC., WARNER BROS. ENTERTAINMENT INC., and FOX CORPORATION <br><br>                      Defendants. | C.A. No. 22-cv-213-GBW |

**[PROPOSED] AGREED PROTECTIVE ORDER REGARDING**
**THE DISCLOSURE AND USE OF DISCOVERY MATERIALS**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff, Colt International Clothing, Inc. d/b/a Colt LED ("Plaintiff"), and Defendants, Quasar Science LLC ("Quasar"), Cinelease, Inc. ("Cinelease"), Sony Pictures Entertainment Inc. ("Sony"), Warner Bros. Entertainment Inc. ("Warner Bros."), and Fox Corporation ("Fox") (Quasar, Cinelease, Sony, Warner Bros., and Fox are hereinafter collectively referred to as "Defendants"), anticipate the production or disclosure of confidential, proprietary, trade secret, and/or sensitive information, testimony, and documents in this case. Therefore, in seeking to limit disclosure and prevent use of such information for purposes other than the prosecution and defense of this case, the Parties through their respective undersigned counsel hereby agree and stipulate to the request for and entry of the following protective order (hereinafter "Order"):

1.  **PURPOSE AND LIMITATIONS:**

    a.  Protected Material designated under the terms of this Order shall be used by a

Receiving Party solely for this case and shall not be used for any other purpose, directly or indirectly, whatsoever.

b.      The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that the designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

2.      **<u>DEFINITIONS</u>**:

a.      "<u>Discovery Material</u>" means all items or information, including from any Non-Party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures or disclosures under Local Rules or other governing Orders in this case.

b.      "<u>Outside Counsel</u>" means (i) counsel who are not employees of a Party to this action but are retained to represent or advise a Party to this action and who appear on the pleadings as counsel for a Party, and (ii) partners, associates, paralegals, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

c.      "<u>Protected Material</u>" means any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" as provided for in this Order.

d.      "<u>Party</u>" means a named party in this case, including all its members, officers, directors and employees.

e.      "Non-Party" means any person that is not a Party to this action.

f.      "Person," including the non-capitalized use of the term—person—as used herein, means an individual or an entity.

g.      "Producing Party" means a person who produces Discovery Material in this case.

h.      "Receiving Party" means a person who receives Discovery Material from a Producing Party in this case.

**3.      SCOPE:**

a.      The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any and all copies, excerpts, summaries, or compilations thereof, as well as testimonies, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

b.      Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and the protections conferred by this Order shall not cover the following information: (1) any information that is in the public domain before the date of its disclosure to a Receiving Party, or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including information that has become part of the public record through trial or otherwise; and (2) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party, provided that such information does not become known to the Receiving Party by an act or omission of the Receiving Party that would be in violation of this Order. The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any

3

testimony, conversations, or presentations by Parties or their Outside Counsel of Record that reveal Protected Material. Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing.

c.     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way including, without limitation, an order that certain matter not be produced at all.

d.     Unless modified, superseded, or terminated pursuant to the terms contained in this Order, even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

e.     Nothing in this Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

f.     Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.     <u>DESIGNATING PROTECTED MATERIAL</u>**:

a.     <u>Available Designations</u>. Any Producing Party may designate Discovery Material as Protected Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY."

b.     "<u>Confidential</u>" information is information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) including, but not limited to all non-public materials constituting or containing trade secrets; confidential research and development information; financial plans, data, or projections; expert

4

studies or analyses; computer code; competitive analyses; financial or tax data; sensitive personal, financial, or medical information regarding any current or former employee of any Party; materials subject to any confidentiality or non-disclosure agreement with any Non-Party; or other commercially sensitive or proprietary information that could have a seriously deleterious effect on any Party's competitive position or business opportunities if the information becomes public, including without limitation customer lists, pricing information, or marketing strategies and techniques.

      c.    "<u>Highly Confidential – Outside Counsels' Eyes Only</u>" information is information within the scope of Rule 26(c)(1)(G), the disclosure of which to another Party or Non-Party would create a substantial risk of competitive harm that could not be avoided by less restrictive means.

      d.    A person's designation of information as Confidential or Highly Confidential – Outside Counsels' Eyes Only means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such. Each Party or Non-Party that designates information or items available for protection under this Order will exercise restraint and care in designating Discovery Material as Protected Material and make good-faith efforts to limit any such designation, to the extent reasonably practicable, to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Producing Party shall designate for protection only those parts of deposition transcripts that qualify – so that other portions of the materials for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

      e.    Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated when the material is disclosed or produced. Designation in conformity with this Order requires

that for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" on its face of each page. For information produced in some form other than documentary and for any other tangible items, the Producing Party shall furnish a separate written notice to the undersigned counsel for the Party receiving such information that such information, or portions of the information, are designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY."

A Producing Party may make documents or things containing Confidential or Highly Confidential – Outside Counsels' Eyes Only information available for inspection and copying without marking them as confidential without forfeiting a claim of confidentiality, so long as the Producing Party causes copies of the documents or things to be marked as Confidential or Highly Confidential – Outside Counsels' Eyes Only before producing them to the Receiving Party.

In any instance where a Producing Party asserts a higher level of protection to Discovery Material after its initial production, the higher protection level shall apply to the materials only as of the time of the re-designation.

f.      Deposition testimony and the transcripts and video recordings thereof of depositions conducted during pretrial discovery in this litigation shall be temporarily treated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" for or a period of 21 days, or for as many days as the Parties and/or Non-Parties shall agree, to allow time for the deponent or Outside Counsel for that deponent, or any Party or Non-Party or its Outside Counsel, to assign a permanent designation for protection only those parts of deposition transcripts that qualify – so that other portions of the materials for which protection is not warranted are not swept unjustifiably

within the ambit of this Order. Deposition testimony and the transcripts and video recordings thereof of depositions which a Party or Non-Party designates as Protected Material shall be designated by page and line number, and video cassettes (or other storage media) shall be labeled in accordance with the provisions of this Order.

Upon the expiration of 21 days—or if greater, the expiration of the Parties and/or Non-Parties' agreed extension beyond the 21 days—any portions of deposition testimony and the transcripts and video recordings thereof of depositions which have not been designated as Protected Material shall be deemed to have no protection under this Order.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY."

 To the extent that any person not entitled to receive "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY" attends a deposition or other proceeding at which Protected Materials are disclosed or discussed, the person shall leave the room as appropriate to protect such Protect Material in accordance with this Order.

g.      A person's failure to designate a document, thing, or testimony as Confidential or Highly Confidential – Outside Counsels' Eyes Only shall not be deemed a waiver and does not constitute forfeiture of a claim of confidentiality, provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving

Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly. A Receiving Party shall not be in breach of this Order for any use of such Discovery Material in accordance with its original confidentiality designation before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order. In the event the Protected Material has been distributed by the Receiving Party in a manner inconsistent with the subsequent categorical designation, the Receiving Party must promptly make reasonable efforts to conform distribution to the categorical designation, including, where applicable, by retrieving or destroying all copies of the Protected Material, or notes or extracts thereof, in the possession of persons not authorized under this Order to possess such Protected Material, advising the person to whom disclosure was made that the material is confidential and should be treated as provided in the Order, and confirming to the Producing Party in writing such return or destruction.

h.      A Party or Non-Party who has designated information as Confidential or Highly Confidential – Outside Counsels' Eyes Only may withdraw the designation by written notification to all Parties in the case. However, the addition of a designation or change to a designation shall not be permitted after the deadline for submittal of final pretrial disclosures, unless the change is voluntarily undertaken to remove a designation and the associated protection accorded under this Order.

i.      A Receiving Party may challenge a Producing Party's designation at any time prior to the deadline for submittal of final pretrial disclosures. Any Receiving Party disagreeing with a designation may request in writing that the Producing Party change the designation. The Producing Party will then have ten (10) business days after receipt of a challenge notice to advise the Receiving Party whether or not it will change the designation. If the Parties are unable to reach

8

agreement after the expiration of this ten (10) business day timeframe, and after conferring with counsel for the Producing Party, the Receiving Party may at any time thereafter seek an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the protection required by this Order.

5.    **USE AND DISCLOSURE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY INFORMATION:**

a.     Confidential and Highly Confidential – Outside Counsels' Eyes Only information must be used exclusively for purposes of this litigation and/or settlement and not for any other purpose directly or indirectly, including without limitation, any business purpose, with such use at all times subject to the restrictions of this Order. Protected Material must be stored and maintained by a Receiving Party under reasonable precautions to avoid unauthorized disclosure.

b.     Absent written permission from the Producing Party or further order by the Court, the Receiving Party may not disclose Confidential information to any person other than the following:

(i) a Party's Outside Counsel, including necessary paralegal, secretarial, and clerical personnel assisting such counsel, as well as copy vendors;

(ii) a Party's in-house counsel that have each such person has agreed to be bound by the provisions of the Order by signing a copy of Appendix 1;

(iii) Members, officers or employees of a Party directly involved in this case and to whom disclosure is reasonably required to supervise, manage, or participate in this case, provided that have each such person has agreed to be bound by the provisions of the Order by signing a copy of Appendix 1;

(iv) experts and consultants and their staff whom a Party employs for purposes of

this litigation only, including electronic discovery vendors, provided that: (a) each such person has agreed to be bound by the provisions of the Order by signing a copy of Appendix 1; and (b) , provided that any retained Expert is not, at the time the Protected Material is to be disclosed, a Party in this action or an employee of a Party in this action (nor known to the engaging Party to have accepted an offer to become an employee of a Party in this action);

(v)  authors, drafters, addressees, or anyone else that received the Discovery Material prior to commencement of this action, or during this action, but only if they obtained the Discovery Material not in violation of this Order;

(vi) Court reporters, stenographers and videographers retained to record testimony taken in this action;

(vii) the Court, jury, and personnel assisting the Court;

(viii) Graphics, translation, design, trial consulting personnel, professional jury or trial consultants, and mock jurors, to whom disclosure is reasonably necessary for this litigation, having first agreed to be bound by the provisions of the Order by signing a copy of Appendix 1;

(ix) any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order;

(x)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed a copy of Appendix 1, unless otherwise agreed by the Designating Party or ordered by the Court provided, however, that if a witness refuses to execute a copy of Appendix 1, the admonition on the record that he or she is subject to sanctions for violating the terms of this Protective Order shall serve as a

substitute for the execution of a copy of Appendix 1, and shall be sufficient to allow for examination of the witness as to Confidential information. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Order, and;

(xi) any other person with the prior written consent of the Producing Party.

c.     Absent written permission from the Producing Party or further order by the Court, the Receiving Party may not disclose Highly Confidential – Outside Counsels' Eyes Only information to any person other than those identified in paragraph 5(b)(i), (iv), (v), (vi), (vii), (viii), (ix), and (xi).

d.     Prior to disclosing any Highly Confidential – Outside Counsels' Eyes Only information to any person described in Paragraphs 5(b)(v) or 5(b)(ix) (referenced below as "Outside Consultants"), such Outside Consultant must execute an undertaking in the form of Appendix 1 to this Order, and the Party seeking to disclose such information shall provide the Producing Party with written notice that includes: (i) the name of the Outside Consultant; (ii) an up-to-date curriculum vitae of the Outside Consultant (if an expert or consultant described in 5(b)(v)), or a description of the individual's title and job responsibilities (if an Outside Consultant described in 5(b)(ix)); (iii) the present employer and title of the Outside Consultant; and (iv) a list of the cases in which the Outside Consultant has testified at deposition or trial within the last five (5) years (if an expert or consultant described in 5(b)(v)).

e.     Within five (5) business days of receipt of the disclosure of the Outside Consultant, the Producing Party or Parties may object in writing to the Outside Consultant for good cause. In the absence of an objection at the end of the five (5) business day period, the Outside Consultant shall be deemed approved under this Order. There shall be no disclosure of Protected Material to

the Outside Consultant prior to expiration of this five (5) business day period. If the Producing Party objects to disclosure to the Outside Consultant within such five (5) business day period, the Parties shall meet and confer via telephone or in person within three (3) business days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure will have five (5) business days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, Protected Material shall not be disclosed to the Outside Consultant in question until the Court resolves the objection.

f.     If a Receiving Party of Confidential or Highly Confidential – Outside Counsels' Eyes Only information receives compulsory process (e.g., subpoena) commanding production of documents, ESI, or things containing a Producing Party's Confidential or Highly Confidential – Outside Counsels' Eyes Only information, the Receiving Party must promptly notify the Producing Party, in addition to following the other provisions of this section.

g.     Prosecution Bar: Absent written consent from the producer, any individual who receives access to Protected Material (a "Barred Person") shall not be involved in the prosecution of patents or patent applications relating to elongated two-color or multic-color lightbulbs, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party, whether the patent owner, the patent challenger, or a third party, in a proceeding involving a challenge to a

12

patent before a domestic or foreign agency (including, but not limited to, a reissue protest, post-grant review, *ex parte* reexamination or *inter partes* review), but Barred Persons (including counsel for the Receiving Party) may not participate, directly or indirectly, in drafting or advising on any amendments or alterations to any patent claim(s) in such proceedings. If either Party should initiate a challenge to a patent owned by the other party before a domestic or foreign agency, the patent owner may seek leave from the Court to allow specific Barred Persons to participate in drafting or advising on any amendments or alterations to any patent claim(s) in such proceedings. The Court may grant leave on a showing of good cause. This Prosecution Bar shall begin upon entry of this Order and shall end two (2) years after final termination of this action.

6.   **INADVERTENT DISCLOSURE:**

a.      In accordance with Fed. R. Evid. 502(d), the production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, whether inadvertent or otherwise, will not waive the applicable privilege and/or protection in this case or in any other federal or state proceeding if, after the Producing Party learns of its inadvertent production, a request for return of such inadvertently produced Discovery Material is made promptly.

b.      Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Discovery Material and all copies to the Producing Party, or destroy such Discovery Material and certify as such to the Producing Party. Within five (5) business days of receiving such notice, the Receiving Party shall return such information or documents, or confirm in writing that it has taken reasonable steps to destroy any necessary information. If the Receiving Party has disclosed the information to others before being notified of the claim of privilege or

protection, the Receiving Party must take reasonable steps to retrieve and return or destroy the disclosed information. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone after the request that they be returned.

       c.     If the Receiving Party disputes the privilege claim, it may seek a court order compelling production of such information (based on information independent of the content of the allegedly privileged materials in question) by complying with the procedures for Discovery Matters and Disputes Relating to Protective Orders as set forth in the Scheduling Order. If a claim is disputed, the Receiving Party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this paragraph for any purpose, until the matter is resolved by agreement of the Parties or by a decision of this Court. The Receiving Party shall not assert as a ground for production the fact or circumstances of the inadvertent production, or any information about the contents of the materials that was gained due to the inadvertent production.

       d.     If a Receiving Party becomes aware that it has received documents that are clearly privileged, the Receiving Party receiving the privileged documents will promptly notify the Producing Party of receipt of the documents and, if the Producing Party so requests, shall return or destroy all copies of the privileged documents within ten (10) business days after being advised of the inadvertent production. If the Producing Party does not request return or destruction of the identified privileged documents within this ten (10) business day time period, the Producing Party will be deemed to have waived the privilege, but only with respect to the specific documents identified.

**7.**      <u>**MISCELLANEOUS**</u>:

a.      Filing with the Court: All filings containing Confidential or Highly Confidential –
Outside Counsels' Eyes Only information shall be filed under seal in accordance with the Court's
procedures. Any Party is authorized to file under seal with the Court any brief, document or
materials that are designated as Protected Material under this Order, provided that such Party files
said brief, document or materials in accordance with the provisions of the United States District
Court for the District of Delaware's Revised Administrative Procedures Governing Filing and
Service by Electronic Means, revised August 2022.

b.      Document Disposal:  Not later than sixty (60) days after the Final Disposition of
this case, each Receiving Party shall, at the Receiving Party's option, either: 1) return to the
Producing Party all documents and copies of documents containing the Producing Party's
Confidential or Highly Confidential – Outside Counsels' Eyes Only information, and must destroy
all notes, memoranda, or other materials derived from or in any way revealing Confidential or
Highly Confidential – Outside Counsels' Eyes Only information; or alternatively, (2) destroy all
documents and copies of documents containing the Producing Party's Confidential or Highly
Confidential – Outside Counsels' Eyes Only information.

Whether the Protected Material is returned or destroyed, the Receiving Party must submit
a written certification to the Producing Party (and, if not the same person or entity, to the
Designating Party) by the 60-day deadline certifying that the destruction or return has been
completed. Notwithstanding the requirements of this paragraph, a Party and its counsel may retain
one complete set of all documents filed with the Court, discovery responses, transcripts, work
product, and attorney-client communications, remaining subject to all requirements of this Order.
In addition, all restrictions in this Protective Order regarding the use by any person of information
or knowledge obtained from Protected Material shall continue even after such Protected Material

is returned or destroyed. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

Nothing in this provision shall limit the rights, if any, of any Party or Non-Party to object to and seek a ruling of the Court concerning a Party's retention of any Protected Material.

c.    Originals: A legible photocopy of a document may be used as the "original" for all purposes in this action. The actual "original," in whatever form the Producing Party has it, must be made available to any other Party within ten (10) days after a written request.

d.    Other Proceedings: By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Order who becomes subject to a motion to disclose another Party's information designated as Confidential or Highly Confidential – Outside Counsels' Eyes Only pursuant to this Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

e.    Discovery from Experts or Consultants: Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery. No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case. No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the

conversations or communications identify facts, data, or assumptions that are considered in forming the opinions to be expressed or relied upon by such experts in formulating opinions that are presented in reports, or trial or deposition testimony in this case.

f.     <u>Non-Party Material</u>:   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as Protected Material. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. All Parties shall be treated as a Receiving Party with respect to any information produced by a Non-Party in this action. To the extent that a Party obtains relevant discovery or information from a Non-Party via subpoena or otherwise, the Party shall produce the discovery or information to the other Parties within five (5) business days, unless the Party can demonstrate good reason why it is not possible to do so.

g.     <u>Termination of Matter and Retention of Jurisdiction</u>. The Parties agree that the terms of this Order shall survive and remain in effect after the Final Disposition of the above-captioned matter. The Court shall retain jurisdiction after Final Disposition of this matter to hear and resolve any disputes arising out of this Order.

h.     <u>Survival of Obligations</u>: This Order's obligations regarding Confidential and Highly Confidential – Outside Counsels' Eyes Only information survive the conclusion of this case and shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

i.     <u>Electronic Discovery</u>:

(i)      The Parties agree that absent a showing of good cause by the Requesting Party, the categories of ESI identified in Schedule A of the U.S. District Court for the District of Delaware's Default Standard For Discovery, Including Discovery Of Electronically Stored Information ("ESI") need not be preserved.

(ii)      The Parties agree that no voicemail, instant messages, text messages, or materials that may be archived and/or retained in tape, floppy disc, optical disc or similar media for backup or disaster recovery shall be searched for or produced unless good cause for the production can be shown, and further subject to the Producing Party's claim of undue burden or cost. The Parties shall meet and confer as to good cause on this issue.

(iii)      Materials retained in tape, floppy disk, optical disk, or similar formats primarily for back-up or disaster recovery purposes should be considered not reasonably accessible.

Dated: January 11, 2023                          Respectfully submitted,

/s/ Brian E. Farnan                              /s/ Sara M. Metzler
Brian E. Farnan (Bar No. 4089)                   Kelly E. Farnan (#4395)
Michael J. Farnan (Bar No. 5165)                 Sara M. Metzler (#6509)
Farnan LLP                                       Griffin A. Schoenbaum (#6915)
919 N. Market St., 12th Floor                    Richards, Layton & Finger, P.A.
Wilmington, Delaware 19801                       One Rodney Square
Telephone: (302) 777-0300                        920 North King Street
Fax: (302) 777-0300                              Wilmington, DE 19801
bfarnan@farnanlaw.com                            (302) 651-7700
mfarnan@farnanlaw.com                            farnan@rlf.com
                                                 metzler@rlf.com
                                                 schoenbaum@rlf.com
Matthew G. McAndrews (admitted *pro hac
vice*)                                           *Attorneys for Defendant Cinelease, Inc.*
Kyle D. Wallenberg (admitted *pro hac vice*)
NIRO McANDREWS, LLP                              /s/ Shelley A. Kinsella
21660 West Field Parkway, Suite 118              Shelley A. Kinsella (No. 4023)
Deer Park, Illinois 60010                        Armstrong Teasdale LLP
(312) 755-8575                                   1007 N. Market St., 3rd Floor
mmcandrews@niro-mcandrews.com                    Wilmington, DE 19801
kwallenberg@niro-mcandrews.com                   (302) 416-9672
                                                 skinsella@atllp.com

*Attorneys for Plaintiff Colt International*
*Clothing, Inc. d/b/a Colt LED*                  *Attorney for Defendants Quasar Science LLC,*
                                                 *Sony Pictures Entertainment Inc., Warner*
                                                 *Bros. Entertainment Inc., and Fox*
                                                 *Corporation*


                          SO ORDERED this __th day of January, 2023


                          _____
                          Gregory B. Williams
                          United States District Judge

**APPENDIX 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| COLT INTERNATIONAL CLOTHING, INC. d/b/a COLT LED, | |
| Plaintiff, | C.A. No. 22-cv-213-GBW |
| v. | |
| QUASAR SCIENCE LLC, CINELEASE, INC., SONY PICTURES ENTERTAINMENT INC., WARNER BROS. ENTERTAINMENT INC., and FOX CORPORATION | |
| Defendants. | |

**UNDERTAKING OF** _____

I, _____ state the following under penalties of perjury as provided by law:

I have been retained by _____ as an expert or consultant in connection with this case. I will be receiving Highly Confidential – Outside Counsels' Eyes Only information that is covered by the Court's protective order dated _____. I have read the Court's protective order and understand that the Highly Confidential – Outside Counsels' Eyes Only information is provided pursuant to the terms and conditions in that order.

I agree to be bound by the Court's protective order. I agree to use the Highly Confidential – Outside Counsels' Eyes Only information solely for purposes of this case. I understand that neither the Highly Confidential – Outside Counsels' Eyes Only information nor any notes concerning that information may be disclosed to anyone that is not bound by the Court's protective order. I agree to return the Highly Confidential – Outside Counsels' Eyes Only information and

any notes concerning that information to the attorney for

_____ or to destroy the information and any notes at that

attorney's request.

I submit to the jurisdiction of the United States District Court for the District of Delaware that issued the protective order for purposes of enforcing that order for the purpose of enforcing the terms of the order, even if such enforcement proceedings occur after termination of the above-captioned action. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____