IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COLT INTERNATIONAL CLOTHING, Inc., | |
| Plaintiff, | |
| v. | Civil Action No. 22-213-GBW |
| QUASAR SCIENCE LLC, et al., | |
| Defendants. | |

## MEMORANDUM ORDER

Pending now before the Court is Defendants Sony Pictures Entertainment Inc., Warner Bros. Entertainment Inc., and Fox Broadcast Corp.'s (collectively, "Studio Defendants") Motion to Stay Pending Determination of Validity and Infringement (the "Motion"). D.I. 52. The Court has reviewed the parties' briefing, D.I. 53; D.I. 62; D.I. 77, and the First Amended Complaint (the "Complaint," D.I. 33). For the reasons explained below, the Court denies the Motion.

Plaintiff Colt International Clothing, Inc. d/b/a Colt LED ("Colt") alleges that Studio Defendants and Defendants Quasar Science LLC ("Quasar"), and Cinelease, Inc. (collectively with Studio Defendants, "Defendants") infringe seven patents (the "Asserted Patents"), including U.S. Patent No. 11,293,600 (the "'600 patent"), by selling, leasing to others, or using certain Quasar products. D.I. 33 ¶¶ 22, 25–31, 36; D.I. 48. Colt accuses only Studio Defendants of infringing the '600 patent. D.I. 33 ¶¶ 118–24. Studio Defendants, Colt alleges, use certain Quasar Products "in methods that infringe at least [nine] claims . . . of the '600 patent." D.I. 33 ¶ 119.

Studio Defendants have filed both a Partial Motion to Dismiss, D.I. 51, and this Motion, and Quasar has filed a Partial Motion to Dismiss, D.I. 54. The Court entered a Scheduling Order on December 2, 2022. D.I. 82. The parties must substantially complete document production by August 1, 2023, and must complete fact discovery by December 20, 2023. D.I. 82 ¶ 4.

1

"Motions to stay invoke the broad discretionary powers of the court." *Cellectis S.A. v. Precision Biosciences*, 883 F. Supp. 2d 526, 532 (D. Del. 2012). Courts generally consider three factors to determine whether a stay is appropriate: (1) whether granting the stay will "simplify the issues for trial"; (2) the status of the litigation, particularly "whether discovery is complete and a trial date has been set"; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 2021 WL 616992, at *2 (D. Del. Feb. 17, 2021). The parties agree that these three factors apply here. D.I. 53 at 2; D.I. 62 at 1.

Colt argues that no Defendants other than Studio Defendants "are faced with challenging the infringement or validity of the [']600 patent. Staying this case as to the Studio Defendants . . . cannot possibly 'summarily resolve all issues with regard to the Studio Defendants,' as the Studio Defendants allege . . . ." D.I. 62 at 7 (quoting D.I. 53 at 3). Studio Defendants respond that

> [t]he '600 patent is a method patent which relates to use of the Accused Products which Colt alleges infringe the utility patents [i.e., other Asserted Patents]. The '600 patent claims priority to these utility patents. Should the underlying patents be held invalid and unenforceable, it would follow that the '600 patent would also be invalid and unenforceable. Further, where Colt obtains a reasonable royalty related to the Accused Products from the manufacturer of these products [i.e., Quasar], its rights are exhausted as to the end-users of these products, and especially so where the method of use claimed by the '600 patent is identical to the method which Colt advertises as the primary use for its own products which it alleges embody the claims of the asserted utility patents.

D.I. 77 at 2.

However, at this stage in the case, the Court cannot determine whether a jury that finds invalidity and non-infringement of the claims of the other Asserted Patents would also find invalidity and non-infringement of the claims of the '600 patent. Indeed, "the claims define the exclusive rights conferred by a patent, and the validity and infringement of those rights must be evaluated on a claim by claim basis." *Ernie Ball, Inc. v. Earvana, LLC*, 502 F. App'x 971, 976

(Fed. Cir. 2013). Also, patents in the same field may not be duplicative since the Patent Act "precludes more than one patent on the same invention." *Geneva Pharms., Inc. v. GlaxoSmithKline PLC*, 349 F.3d 1373, 1377 (Fed. Cir. 2003) (citing 35 U.S.C. § 101). Thus, the jury must separately consider infringement and invalidity as to each claim of each Asserted Patent in this case.

Turning to the stay factors, a stay would—rather than simplify issues for trial—create an unnecessary and wasteful duplicate trial. Colt fails to provide any claim-by-claim justification for its bald assertion that the invalidity of the claims of the '600 patent "would follow" from the invalidity of allegedly "underlying patents." D.I. 77 at 2. Instead, another jury in a second trial would need to review claims as to the '600 patent regardless of whether a first jury found Quasar infringed the claims of other Asserted Patents. Also, a stay would prejudice Colt by delaying its opportunity to litigate its claims as to the '600 patent against Studio Defendants. Thus, even if the early stage of this suit favors granting a stay, on balance, the stay factors weigh against granting a stay here. The Court need not consider the parties' other arguments.[1]

Therefore, at Wilmington this 17th day of February, 2023, **IT IS HEREBY ORDERED** that Studio Defendants' Motion to Stay Pending Determination of Validity and Infringement (D.I. 52) is **DENIED**.

GREGORY B. WILLIAMS<br>
UNITED STATES DISTRICT JUDGE

---

[1] The "customer suit exception" generally applies when there are multiple lawsuits and when the customer and manufacturer infringe the same patents, *see, e.g.*, *Pragmatus Telecom, LLC v. Advanced Store Co.*, 2012 WL 2803695, at *1 (D. Del. July 10, 2012) (applying the exception where two lawsuits alleged infringement of the same three patents), but only Studio Defendants are alleged to infringe the '600 patent, D.I. 33 ¶¶ 118–24, and all Defendants are in the same lawsuit here.